McPherson v Pepsi-Cola Bottling Co. of N.Y., Inc. (2025 NY Slip Op 00634)

McPherson v Pepsi-Cola Bottling Co. of N.Y., Inc.

2025 NY Slip Op 00634

Decided on February 04, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 04, 2025

Before: Friedman, J.P., Gesmer, González, Scarpulla, Pitt-Burke, JJ. 

Index No. 158277/21 Appeal No. 3620 Case No. 2024-04669 

[*1]Mary Joyner McPherson, Plaintiff-Respondent,
v
Pepsi-Cola Bottling Company of New York, Inc. Defendant-Appellant Andrew Doe, Defendant.

The Law Offices of Christopher P. Di Giulio, P.C., New York (Christopher P. Di Giulio of counsel), for appellant.
Louis C. Fiabane, New York, for respondent.

Order, Supreme Court, New York County (Leslie A. Stroth, J.), entered July 11, 2024, which denied defendant's motion for partial summary judgment dismissing all claims of injury alleged in the complaint, except for the claim of a laceration/abrasion of plaintiff's right foot, unanimously reversed, on the law, without costs, and the motion granted.
In this personal injury action, plaintiff alleged that she sustained various injuries to her right foot when defendant's employee ran over her foot with a heavy cart carrying beverages at a supermarket.
Defendant made a prima facie showing that the accident did not cause or exacerbate the injuries placed at issue on the summary judgment motion. Defendant pointed to documentary evidence of a personal injury action that plaintiff filed in 2019, in which she alleged injuries nearly identical to the injuries alleged herein. Defendant also submitted the expert opinion of Dr. Edwin Wolf, who opined that it was impossible for the foot laceration allegedly caused by defendant to give rise to medial ankle neuropathy, as the two injuries were at far opposite sides of the foot. Dr. Wolf also opined that the hammertoes were already present prior to the supermarket incident. Dr. Wolf based his opinion on photographs taken on the day of the incident, which "clearly show[ed] hammertoes . . . present at the time of the injury." Furthermore, according to Dr. Wolf, any abnormalities found in the July 2022 MRI study can be attributed to plaintiff's documented preexisting degenerative conditions.
In opposition, plaintiff failed to rebut defendant's prima facie entitlement to summary judgment. Plaintiff did not address defendant's allegation that plaintiff had attributed the injuries to another cause in a previous action. Instead, plaintiff relied on the expert affidavit of Dr. Shital Sharma, her treating doctor, who conclusorily and speculatively claimed that the alleged injuries "are causally related to the accident" and "not degenerative nor from any prior accident." Yet, without explanation, Dr. Sharma also acknowledged that the injuries may have been preexisting conditions that were "aggravated, and/or exacerbated" by the accident. Moreover, Dr. Sharma failed to address the possibility that the abnormalities revealed by the MRI were preexisting conditions.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 4, 2025